UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DERICK OWUSU,

        Plaintiff,

v.

JOHN THOMPSON,

        Defendant.

CASE NO. 3:19-CV-5205-RBL-DWC

REPORT AND RECOMMENDATION

Noting Date: November 15, 2019

The District Court referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. Presently pending before the Court is Defendant John Thompson's Motion for Summary Judgment ("Motion"). Dkt. 11.

After reviewing the relevant record, the Court finds Plaintiff Derick Owusu failed to exhaust his administrative remedies regarding the claims raised in the Complaint. Therefore, the Court recommends Defendant's Motion (Dkt. 11) be granted and this case be closed.

**I.    Background**

Plaintiff, an inmate currently housed at the Stafford Creek Corrections Center ("SCCC"), alleges Defendant suspended Plaintiff from the law library without reason in violation of Plaintiff's access to the courts and due process rights. Dkt. 6.

REPORT AND RECOMMENDATION - 1

Defendant filed the Motion on June 28, 2019. Dkt. 11. Plaintiff filed a Response to the Motion on September 24, 2019 (Dkt. 17) and, on September 27, 2019, Defendant filed a Reply. Dkt. 18.

## II. Standard of Review

Summary judgment is proper only if the pleadings, discovery, and disclosure materials on file, and any affidavits, show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"); *see also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

## III. Discussion

Defendant alleges Plaintiff failed to exhaust the administrative remedies available to him as to the claims alleged in the Complaint. Dkt. 11. Plaintiff contends Defendant made the grievance process unavailable to Plaintiff, excusing the exhaustion requirement in this case. Dkt. 17.

A. *Legal Standard*

Before a prisoner may bring a civil rights action under 42 U.S.C. § 1983, he must first exhaust all available administrative remedies. Under the Prison Litigation Reform Act of 1995 ("PLRA"),

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Exhaustion in cases covered by § 1997e(a) is mandatory. *Booth v. Churner*, 532 U.S. 731, 739 (2001). The mere fact a plaintiff has filed an initial grievance under a prison's grievance policy does not satisfy the PLRA exhaustion requirement; a plaintiff must exhaust *all* levels of an available grievance procedure before he can initiate litigation. *See id.* at 736-41; *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is still a prerequisite to suit. *Booth*, 532 U.S. at 741. If a claim is not exhausted, it must be dismissed. *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002).

Failure to exhaust administrative remedies is properly brought as a summary judgment motion. *Albino v. Baca*, 747 F.3d 1162, 1168 (9th Cir. 2014). Once the defendant proves there was an available administrative remedy and the offender failed to exhaust the available remedy, the burden shifts to the plaintiff. The plaintiff must show there was something about his particular claim which made the "existing and generally available administrative remedies effectively unavailable to him." *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015) (citing *Hilao v. Estate of Marcos*, 103 F.3d 767, 778 n.5 (9th Cir. 1996)).

B. *Defendant's Evidence*

Defendant's evidence shows inmates in the custody of the Washington State Department of Corrections ("DOC") may file administrative grievances pertaining to a wide range of issues related to an inmate's incarceration, including challenging DOC policies, rules and procedures, staff conduct, retaliatory conduct, access to medical care, and physical conditions of confinement. Dkt. 12, Caldwell Dec, ¶¶ 3-5; Dkt. 12-1, p. 10. Under DOC policy, the grievance procedure consists of four levels of review. Dkt. 12, Caldwell Dec., ¶ 9. At Level 0, the facility's "grievance coordinator may pursue informal resolution of the matter, return the complaint to the inmate for rewriting, request additional information from the inmate, or reject the complaint because the issue is not grievable." *Id*. After a complaint is accepted at Level 0, the grievance coordinator accepts routine and emergency grievances as formal grievances at Level I and complaints alleging staff misconduct at Level II. *Id*. If the Level 0 grievance is informally resolved, an inmate may appeal the informal resolution if he is not satisfied. Dkt. 12-1, p. 19.

If the grievance proceeds beyond Level 0, the grievance coordinator issues a formal response at Level I. *See id*. A prisoner may appeal the denial of a Level I response to the superintendent of the facility at Level II. *See id*.; Dkt. 12, Caldwell Dec., ¶ 9. An inmate may appeal Level II responses to DOC Headquarters for re-investigation. Dkt. 12, Caldwell Dec., ¶ 9; Dkt. 12-1, p. 19. Level III is the final level of review. Dkt. 12-1, p 19; *see also* Dkt. 12, Caldwell Dec., ¶ 9.

Here, evidence shows Plaintiff has filed twenty-eight grievances during his time in DOC custody. Dkt. 12, Caldwell Dec., ¶ 10. In February of 2019, Plaintiff filed Grievance 19673077 related to his suspension from the law library. *Id*. at ¶ 11; Dkt. 6, p. 6. Plaintiff received a response to the Level I grievance on February 25, 2019. Dkt. 12, Caldwell Dec., ¶ 11; Dkt. 6, p. 6. Plaintiff

did not appeal this Level I grievance. Dkt. 12, Caldwell Dec., ¶ 11. Defendant's evidence shows Plaintiff "did not, therefore, exhaust his available administrative remedies." *Id*.

Based on the evidence, the Court finds Defendant carried the initial burden of showing the absence of exhaustion in this case. The undisputed evidence presented by Defendant shows there was a grievance procedure in place at the time of the incident complained of in the Complaint. Plaintiff was aware of the grievance process and participated in the grievance process while housed at SCCC. Plaintiff, however, did not complete the grievance process for the claims alleged in his Complaint.

      C.    *Plaintiff's Response*

The burden now shifts to Plaintiff, "who must show that there is something particular in his case that made the existing and generally available remedies effectively unavailable to him by 'showing that the local remedies were ineffective, unobtainable, unduly prolonged, inadequate, or obviously futile.'" *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015) (quoting *Albino*, 747 F.3d at 1172). Acts by prison officials preventing the exhaustion of administrative remedies may make administrative remedies effectively unavailable. *See Nunez v. Duncan*, 591 F.2d 1217, 1224-25 (9th Cir. 2010). "The ultimate burden of proof, however, remains with the defendants," and the evidence must be viewed in the light most favorable to the plaintiff. *Paramo*, 775 F.3d at 1191 (citing *Albino*, 747 F.3d at 1172). The Supreme Court held there are three circumstances in which an administrative remedy is not capable of potential relief:

> First, an administrative procedure is unavailable when it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates. Next, an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use—i.e., some mechanism exists to provide relief, but no ordinary prisoner can navigate it. And finally, a grievance process is rendered unavailable when prison administrators thwart inmates from taking advantage of it through machination, misrepresentation, or intimidation.

*Ross v. Blake,* 136 S. Ct. 1850, 1853–1854 (2016).

In his unsworn Response to the Motion, Plaintiff argues: (1) he could not grieve the claims in the Complaint because he could not challenge a disciplinary action through the grievance process; and (2) Defendant "thwarted" Plaintiff from obtaining relief, making the grievance process unavailable. Dkt. 17.

First, Plaintiff alleges he was unable to grieve the claims alleged in the Complaint because he cannot use the grievance process to grieve disciplinary actions. Dkt. 17. Plaintiff has not shown, nor does the Court find, he was unable to completely exhaust Grievance 19673077. Grievance 19673077 was not denied as "non-grievable." *See* Dkt. 6, p. 6. In fact, on the Level I response, Plaintiff was notified that he could appeal the response by submitting a written appeal within five days. *See id.* Furthermore, if the grievance had been denied as "non-grievable," Plaintiff could have appealed that decision. *See* Dkt. 12, Caldwell Dec., ¶ 7. Defendant also submitted evidence showing there are other ways for an inmate to challenge disciplinary actions. *Id.* at ¶ 6. Plaintiff does not assert he attempted to grieve the issues raised in the Complaint through another grievance process. *See* Dkt. 6, 17. The Court finds Plaintiff has not shown he was unable to utilize the grievance process to grieve the issues raised in the Complaint because he was complaining of a disciplinary action.

Second, Plaintiff argues Defendant "thwarted" Plaintiff's attempts to grieve the issues raised in the Complaint because Defendant did not complete an infraction report. Dkt. 17, pp, 7-8. Plaintiff contends that, without an infraction report, he was prevented from challenging the disciplinary action through the grievance process. *Id.* Plaintiff has not explained *how* Defendant's decision to not submit an infraction report made the grievance process unavailable to Plaintiff. As discussed above, Plaintiff was able to submit a Level I grievance. *See* Dkt. 12,

Caldwell Dec., ¶ 11; Dkt. 6, p. 6. He received a response to the Level I grievance. *See* Dkt. 12, Caldwell Dec., ¶ 11; Dkt. 6, p. 6. Plaintiff was not told the issue was not grievable or that he could not pursue the grievance. Rather, the Level I grievance form states that Plaintiff could appeal the response. *See* Dkt. 6, p. 6. As such, Plaintiff has not shown Defendant's failure to submit an infraction report made the grievance process unavailable to Plaintiff.

As Plaintiff did not fully follow the proper grievance procedures available at SCCC, Plaintiff has not overcome Defendant's showing that Plaintiff failed to exhaust administrative remedies available to him. Therefore, the Court concludes Plaintiff failed to properly exhaust the claims alleged in the Complaint and the Complaint should be dismissed without prejudice. *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003) *overruled on other grounds by Albino,* 747 F.3d at 1162 ("If the district court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal of the claim without prejudice."); *Carrea v. California*, 551 F. App'x 368, 369 (9th Cir. 2014) (remanding for the entry of dismissal without prejudice because the proper remedy for non-exhaustion is dismissal without prejudice). Accordingly, the Court recommends the Motion (Dkt. 11) be granted.

**IV.    Conclusion**

For the above stated reasons, the Court recommends Defendant's Motion for Summary Judgment (Dkt. 11) be granted, the Complaint be dismissed without prejudice, and this case be closed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R.

Civ. P. 72(b), the clerk is directed to set the matter for consideration on November 15, 2019, as noted in the caption.

Dated this 30th day of October, 2019.

*David W. Christel*
United States Magistrate Judge